STATE OF SOUTH DAKOTA, Respondent, v. EIDY, Appellant

(274 N. W. 874)

(File No. 8021. Opinion filed September 10, 1937)

*Danforth & Davenport,* of Sioux Falls, for Appellant.

*Clair Roddewig,* Atty. Gen., and *Herman L. Bode,* Asst. Atty. Gen., for the State.

RUDOLPH, P. J. The defendant was convicted of receiving stolen property knowing it to be stolen. The defendant operates a grocery store in Sioux Falls. The store building is owned by the wife of the defendant, and on the same lot upon which is situated the store building is a residence property owned by defendant's wife and occupied by defendant and his family as a home. Prior to the arrest of the defendant, a search warrant was issued directing the search of the premises on which is located the store building and the home. A search was made and certain personal property was taken and held by the officers. Thereafter the defendant upon proper application obtained an order of the circuit court of Minnehaha county, as follows: "It is hereby ordered that all evidence obtained by the Plaintiff during said search, or in the course thereof, be and the same hereby is in all things suppressed, and that the said State's Attorney and all officers of the State of South Dakota upon the trial herein be, and they hereby are, forbidden and prohibited from in any way whatsoever making use upon the trial herein of any evidence obtained through such search and from taking advantage or using for any purpose whatsoever herein any information obtained upon said search."

█ The principal assignment of error urged herein claims a violation by the state of the order just above referred to. For the purposes of this opinion we will treat the order as in all respects valid and as one not subject to be questioned upon this appeal. Treating the order as such, we are of the opinion that there was no violation thereof prejudicial to the rights of this defendant. The facts and circumstances which appellant maintains constituted a violation of this order occurred upon the cross-examination of the defendant. The defendant upon his direct examination had admitted receiving the property; the defense was that the defendant did not know that the property was stolen. On cross-examination of the defendant the state's attorney interrogated the defendant with reference to the place where he kept this stolen property after its receipt by him. During the course of this examination the state's attorney propounded several questions indicating that he had some prior knowledge as to the place where this property was kept. With the exception of questions concerning a box of cigars, which constituted a part of the stolen property and which defendant admitted having in his home on the premises, all of the questions related to stolen property that the defendant admitted having in his store. These questions were of a character as follows:

"Didn't you have some of it (tobacco) down the cold air register?"

"Didn't you have some of the tobacco under that lid and nailed down?"

The questions were objected to by the defendant upon the grounds that they violated the order of the court, and the objections were sustained.

These questions were proper on the cross-examination of the defendant, unless the state's attorney as the basis for such questions used information obtained as a result of the search of the premises. There is no showing in this record where the state's attorney obtained his information upon which to propound the questions. The property was in defendant's possession in a grocery store to which the public had access. It is probable that the state's attorney obtained his information from sources other than the search by the officers. The situation here is entirely different from that presented to the court in the case of Agnello v. U. S.,

269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409. There the prosecution sought to impeach the testimony of the defendant by introducing in evidence an article obtained through a search which was unlawful. Obviously, in that case the government was attempting to take advantage of the unlawful search. But in this case there is no such showing. Without such showing we think the trial court was in error in limiting the cross-examination to the extent that it did.

█ The defendant assigns as error the conduct of counsel in asking questions similar to those above set out after the court had sustained objections to prior questions. In the affidavit submitted by the state's attorney in connection with such assignment, he specifically denies that the questions propounded the defendant upon cross-examination were based upon information obtained as a result of the search. Clearly, there was no misconduct of counsel prejudicial to this defendant, when, under the showing made, the questions propounded were competent and proper cross-examination.

█ Further error is assigned because of the conduct of the state's attorney in examining the witness Bertie Lane. A consideration of this examination, viewed in the light of the entire record, convinces us that there was no error prejudicial to the defendant. The case, in our opinion, was fairly tried. There is no question about the sufficiency of the evidence to sustain the conviction.

The judgment and order appealed from are affirmed.

All the Judges concur.